# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KERWINN CROSS**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 4802 |
| **ANITA ALVAREZ**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Kerwinn Cross ("Cross") has filed a self-prepared 42 U.S.C. § 1983 ("Section 1983") Complaint, employing the form provided by the Clerk's Office for use by prisoner plaintiffs, to target Cook County State's Attorney Anita Alvarez, Assistant State's Attorney Jennifer Dillman and Chicago Police Detective Andre Watkins with asserted violations of Cross' constitutional rights. Cross has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). Because Cross' Complaint clearly does not survive the initial screening called for by 28 U.S.C. § 1915A(a),[1] both the Complaint and this action are dismissed at the outset -- but that dismissal does not excuse Cross' noncompliance with the requirements of Section 1915, the subject to which this opinion turns in the first instance.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Section 1915(a)(2) requires a prisoner plaintiff such as Cross to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period preceding the filing of the complaint." Although Cross surely knows better (he lists three other still-pending lawsuits that he has filed in this District Court within the last year, all of which have been assigned to this Court's colleague Honorable Andrea Wood), the trust fund account statement that he has provided from the Cook County Department of Corrections ("County Jail"), where he is in custody, covers a time frame that ended on April 14 of this year. But although Cross signed the Application on April 6, the authorized officer at the County Jail signed his certificate on April 24, while the Complaint itself bears an April 29 date and Cross' filings were not received in the Clerk's Office until a full month later (on May 29).

No explanation is offered by Cross for the wide time span and extended delay reflected by that timetable, so that this Court has no basis for determining Cross' date of "filing" under the "mailbox rule" established by <u>Houston v. Lack</u>, 487 U.S. 266 (1988). Accordingly Cross is ordered to file, on or before June 22, 2015, both (1) a statement as to the date of "filing" of the Complaint and its related documents under the "mailbox rule" -- that is, the date on which he himself mailed the Complaint or turned it over to the County Jail personnel for mailing -- and (2) a printout showing all transactions in his trust fund account from April 14, 2015 to that date of "filing." Any failure on Cross' part to comply with this order would be reported to Judge Wood for her possible consideration in conjunction with the cases pending before her.[2]

---

[2] With this case suffering dismissal under today's opinion, this Court has no leverage for possible sanctions to deal with any possible noncompliance by Cross. Hence the reference in the text to apprising Judge Wood of any such noncompliance.

That said, the merits of (or more precisely, the lack of merit in) Cross' substantive claims pose no problem at all -- each is barred by an unequivocal United States Supreme Court decision. They will accordingly be given short shrift here.

As for defendants Alvarez and Dillman, it has been clear for nearly four decades that absolute prosecutorial immunity shields each of them from Section 1983 liability -- see <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). Here are the beginning (<u>id.</u> at 409) and the end (<u>id.</u> at 431) of that opinion, which sandwich 20 pages of thoughtful analysis:

> The question presented in this case is whether a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is amenable to suit under 42 U.S.C. § 1983 for alleged deprivations of the defendant's constitutional rights.

> \*   \*   \*

> We hold only in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.

As for Detective Watkins, his testimony before the grand jury that ended up indicting Cross on four charges is also cloaked in absolute immunity, this time under Justice Alito's opinion for a unanimous Supreme Court in <u>Rehberg v. Paulk</u>, 132 S. Ct. 1497 (2012). Again here are the beginning (<u>id.</u> at 1500) and end (<u>id.</u> at 1510) of that unanimous decision:

> This case requires us to decide whether a "complaining witness" in a grand jury proceeding is entitled to the same immunity in an action under 42 U.S.C. § 1983 as a witness who testifies at trial.

> \*   \*   \*

> For these reasons, we hold that a grand jury witness is entitled to the same immunity as a trial witness.

Hence, as stated earlier, both Cross' Complaint and this action are dismissed with prejudice. That calls for denial of the Motion (Dkt. 4) on mootness grounds, but Cross remains

responsible for providing the supplemental information needed to calculate the basis which he must pay the $350 filing fee in future installments.

                                                                                                           _____
                                                                                                           Milton I. Shadur
                                                                                                          Senior United States District Judge

Date: June 4, 2015